[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11690

_____

D.C. Docket No. 1:13-cr-00130-SCJ-JFK-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLON R. MILLER,
a.k.a. Marlon Raashon Miller,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 30, 2019)

Before MARCUS and BLACK, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

Marlon R. Miller appeals following his conviction and sentence for offenses

---

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

related to trafficking heroin.  Miller was convicted of conspiracy to possess with intent to distribute 1 kilogram or more of heroin, attempting to possess with intent to distribute 1 kilogram or more of heroin, and possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841 and 846.  On appeal, Miller challenges the district court's orders sealing certain documents related to a joint internal investigation by the Drug Enforcement Administration ("DEA") and Department of Justice as a violation of his right to a public trial under the First and Sixth Amendments and the common-law right of access.  Miller also argues that the sealing order prevented him from presenting a complete defense.  Finally, Miller claims that the district court erred in stating that the government may be permitted to introduce rebuttal evidence related to a confidential informant's work for the DEA after his arrest.  After careful review, we affirm Miller's conviction and sentence.  Because we write for the parties, we set out facts only as they are needed in support of our analysis.

As an initial matter, we deny Miller's claim that this merits panel should decide his previous motion for reconsideration of his motion to lift the protective order.  "A party may file only one motion for reconsideration with respect to the same order.  Likewise, a party may not request reconsideration of an order disposing of a motion for reconsideration previously filed by that party."  11th Cir. R. 27-3.  Because Miller has filed two motions to lift the protective order to this

2

Court, Miller's renewed motion is an impermissible successive motion for reconsideration.

We generally review for abuse of discretion a district court's refusal to unseal documents, *see United States v. Ignasiak*, 667 F.3d 1217, 1238 n.25 (11th Cir. 2012), and evidentiary rulings. *See United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). Where an issue is raised for the first time on appeal, however, this Court reviews the issue for plain error. *United States v. Clark*, 274 F.3d 1325, 1326 (11th Cir. 2001). Under plain error review, the defendant must show (1) an error, (2) that was plain, and (3) affected the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). When these factors are met, this Court may exercise its discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736. To preserve an issue for appeal, a party "must articulate the specific nature of his objection . . . so that the district court may reasonably have an opportunity to consider it." *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015); *see also United States v. Straub*, 508 F.3d 1003, 1011 (11th Cir. 2007) (stating that a party must object in a manner "sufficient to apprise the trial court and the opposing party of the particular grounds upon which appellate relief will later be sought"). Although Miller objected to the sealing of the documents and the denial of copies of those documents on grounds under *Brady v. Maryland*, 373 U.S. 83 (1963), he

did not object that such action deprived him of a right to a public trial or of the right to a complete defense as he does now.  Thus, we review for plain error.

The district court did not plainly err in sealing the investigation documents and adopting procedures limiting access to those documents.  The presumption of openness in court proceedings granted by the Constitution "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *See Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984).  "The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."  *Id.*  Here, the district court sealed the documents and adopted proposed disclosure procedures "for good cause shown" in the government's motions.  In doing so, it agreed with the government's argument that Miller had minimal interest in the materials because they were likely irrelevant and inadmissible under Federal Rules of Evidence ("FRE") 401 and 402, and because the government would not call certain individuals referenced in those investigation documents at trial.  Moreover, the court also adopted the government's position that its interest was grounded in protecting sensitive non-public information contained in an ongoing investigation involving government agents and confidential informants.  At base, the district court found that closure was essential to preserve the government's higher interest

4

and its adoption of procedures preventing disclosure of information solely related to the investigation ensured that the order was narrowly tailored to serve that interest.[1]  Moreover, because Miller was permitted to access the investigation documents under the adopted disclosure procedures, the district court did not violate Miller's common-law right to access with regard to those documents.  *See Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).  Accordingly, the closure order was properly entered.

In addition, the district court did not commit plain error in denying Miller's request for copies of the investigation documents.  First, Miller claims that the court applied an exceedingly narrow definition of relevance to determine if the investigation documents should be disclosed to him.  But Miller never identified specific information within the documents to grant the court the opportunity to determine if such documents were relevant, either as impeachment or direct evidence, to the elements of the crime or to support a defense.  As extensively discussed in submitted filings and pretrial conferences, information in the documents was determined to be relevant to Miller's defense only as to a

---

[1] Relying largely on *United States v. Ochoa-Vasquez*, 428 F.3d 1015 (11th Cir. 2005), Miller argues that the court was required to explicitly articulate in its order the overriding interest and findings that the sealing order was essential and narrowly tailored.  But in *Ochoa-Vasquez*, neither the "district court's sealing orders nor its denials of access to court records articulated the reason for the closure or *the evidence that supported the need for closure*."  *Id.* at 1030 (emphasis added).  Here, however, the court's adoption of the government's submission is sufficient support for the need for closure and enables this Court to adequately determine whether the sealing order was properly entered.

5

confidential informant's alleged role in the charged conspiracy before Miller's arrest. The court's *in camera* review, therefore, was limited to determining whether the confidential informant worked for the DEA before Miller's arrest, such that, as part of Miller's entrapment defense, it would tend to prove government inducement of the crime. Because the court's review revealed that it was implausible for the documents to tend to show this fact, it was deemed not relevant. Thus, the court did not err in determining that the alleged relevancy of the documents was not a sufficient reason to unseal the documents and grant Miller copies.

Second, Miller claims that the failure to provide him with copies of these documents violated his right to present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (stating that the Constitution guarantees a right to present a complete defense). But Miller's right to present a complete defense was not violated because Miller had access to all of the sealed documents and was not prohibited from making a defense based on the information contained in those documents. Miller's decision not to present a defense at trial based on the information in the investigation documents appears to have been a strategic choice to avoid further unfavorable evidence by the government.

Finally, the district court did not err in stating that Miller could potentially open the door to unfavorable evidence obtained by the government if he elicited

6

testimony regarding the confidential informant's work for the DEA after his arrest. The government had repeatedly indicated that it would not introduce the unfavorable evidence, which was obtained as the result of the informant's work for the DEA after Miller's arrest.  Because the evidence was pertinent to the informant's work for the DEA after Miller's arrest, the district court did not commit plain error in giving Miller such a warning or in deferring the issue of the admissibility of the government's rebuttal evidence for trial.

AFFIRMED.